IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL C. LINKEWITZ,

      Plaintiff,

v.                                                                                 CV 13-0420 WPL/RHS

ROBERT HEATH TRUCKING, INC.,
a Texas Corporation, DELORES JUNE HITES,
a Resident of Texas, and RONALD LOUIS HITES,
a Resident of Texas,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before me on a dispute regarding the sufficiency of claims brought against a driver, her passenger, and her employer for injuries suffered in a semi-tractor collision on Interstate 40 in northern New Mexico. Plaintiff Michael C. Linkewitz argues that he has properly stated a claim of negligence against Ronald Hites, the passenger in a vehicle driven by his co-employee Delores Hites. (Doc. 30.) He also asserts that he has properly pleaded claims of negligent hiring, retention, training, and supervision against the Hites' employer, Ronald Heath Trucking, Inc. ("RHT"). (*Id.*) Defendants counter that Ronald Hites, as passenger, cannot be held liable for Delores Hites's purported negligence and that Linkewitz has not alleged sufficient facts to show that RHT was negligent in its employment of the Hites Defendants. (Doc. 27). As such, Defendants have moved for partial judgment on the pleadings with respect to these claims. (*Id.*)

Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties consented to have me serve as the presiding judge and enter a final judgment. (*See* Doc. 12.) Having carefully considered the filings, the pleadings, and the relevant law, I find that Linkewitz

has properly pleaded his claims of negligent hiring and retention, but that he has failed to allege sufficient facts supporting his claim against Ronald Hites or his claims of negligent training and supervision against RHT. I therefore grant in part and deny in part Defendants' motion for partial judgment on the pleadings.

## BACKGROUND

The following well-pleaded facts are accepted as true for purposes of this motion. On the afternoon of December 19, 2010, Allen Lee was driving Linkewitz's semi-trailer tractor westbound on Interstate 40 through Bernalillo County, New Mexico. (Doc. 13 at 5.) Linkewitz, a Michigan resident, was asleep in the bed of the tractor at the time. (*Id.* at 1, 5.) At the same time, Delores Hites was also driving a semi-trailer truck westbound on Interstate 40, with her husband Ronald Hites riding along as a passenger. (*Id.* at 5.) Both Hites Defendants were Texas residents employed by Robert Heath Trucking, Inc., a Texas company. (*Id.* at 1-2.)

Delores Hites crashed her semi-trailer truck into the rear end of Linkewitz's semi-trailer tractor at approximately 1:34 p.m., ejecting Linkewitz from his sleeper. (*Id.* at 5.) Linkewitz suffered herniated discs and a non-displaced orbital fracture as a result of the collision, and he was taken by ambulance to a nearby emergency room. (*Id.* at 5, 8.) As part of his subsequent treatment, Linkewitz ultimately underwent anterior and posterior lumbar fusion, and he expects to incur future medical expenses. (*Id.* at 7.)

Linkewitz filed a complaint in New Mexico state district court, alleging negligence against all Defendants; negligence per se against Delores Hites; and negligent entrustment, lease liability, respondeat superior liability, and negligent hiring, training, retention, and supervision against Robert Heath Trucking. (Doc. 1 Ex. A at 4-10.) Defendants removed the case to this Court (Doc. 1) and filed an answer to the complaint (Doc. 3). Shortly thereafter, Defendants filed

a motion to dismiss portions of the complaint pursuant to Rule 12(b)(6). (Doc. 10 (motion); Doc. 11 (memorandum).)

Two weeks after the motion was filed, Linkewitz filed his First Amended Complaint, setting forth the same causes of action but adding new factual allegations with respect to several claims. (Doc. 13.) The parties continued to fully brief Defendants' motion to dismiss without making any reference to the amended complaint. (*See* Doc. 14 (response to motion to dismiss); Doc. 15 (reply to same).) Defendants later filed an answer to the amended complaint. (Doc. 17.)

On June 26, 2013, I denied Defendants' motion to dismiss as untimely. (Doc. 23.) However, given the posture of the case, I allowed Defendants an additional fourteen days to file a motion for judgment on the amended pleadings, raising any defenses originally set forth in the original motion to dismiss. (*Id.* at 5.)

Defendants timely filed the instant motion for judgment on the pleadings, in which they argue that Linkewitz has failed to state any claim against Ronald Hites and has failed to state a claim for negligent hiring, retention, training, and supervision against RHT. (Doc. 27 at 1-7.) Defendants also argue that the claims in question should be dismissed as a sanction under Rule 11. (*Id.* at 8.) Linkewitz filed a response, arguing that his claim against Ronald Hites should be allowed to move forward on a joint-enterprise theory and that he has pleaded sufficient facts to support his claims against RHT. (Doc. 30.) Defendants filed a reply essentially reiterating their earlier points. (Doc. 33.)

## STANDARD OF REVIEW

A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. FED. R. CIV. P. 12(c). A court considering such a motion should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences

from the pleadings in favor of the same." *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006).

A defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings. FED. R. CIV. P. 12(h)(2)(B). However, such a motion is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Nelson v. State Farm Mut. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Accordingly, I must look within the four corners of Linkewitz's amended complaint, accept all well-pleaded factual allegations as true, and determine if Linkewitz is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted). Linkewitz's amended pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To reach this inference, the amended complaint must make it plausible, and not merely possible, that Linkewitz is entitled to relief under the relevant law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Although the amended complaint need not include "detailed factual allegations," the [f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.[1] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations must also suffice to "inform the defendants of the actual grounds of the claim against them," with the necessary degree of

---

[1] Although Linkewitz quotes from outdated caselaw to assert that dismissal is only warranted if "no set of facts" could be proved that would entitle him to relief (Doc. 30 at 3 (citation omitted)), the Supreme Court famously "retire[d]" the no-set-of-facts standard in *Twombly*, 550 U.S. at 562-63.

specificity dictated by the nature of the complaint. *See Twombly*, 550 U.S. at 556 n.3; *Robbins*, 519 F.3d at 1248 (citations omitted); *see also* FED. R. CIV. P. 8(a).

## DISCUSSION

Defendants have not moved for full judgment on the pleadings. Instead, Defendants take issue with two aspects of Linkewitz's amended complaint – his claims against Ronald Hites, and his claims of negligent hiring, training, and supervision against Ronald Heath Trucking. (Doc. 27.) I consider these claims in turn.

### I.     Claim Against Ronald Hites

Although the amended complaint concedes that Ronald Hites was a passenger in the vehicle driven by his wife, Linkewitz alleges negligence by both individuals. (*See* Doc. 13 at 4-6.) Defendants argue that Linkewitz has failed to state a claim for negligence against Ronald Hites. I agree.

Linkewitz contends that where the driver of a vehicle acts negligently, such negligence may be imputed to a passenger if a joint enterprise existed between the driver and passenger. (Doc. 30 at 4.) Although Linkewitz does not cite to any controlling caselaw to support this argument, he does cite to New Mexico's uniform jury instructions (*id.* at 3-4), which themselves rely on the seventy-five-year-old case of *Silva v. Waldie*, 82 P.2d 282 (N.M. 1938).[2] As that case observes,

> [i]f two or more persons unite in a joint prosecution of a common purpose, under such circumstances that each has authority to control the means employed to execute such purpose, the negligence of one is chargeable to the other; and this

---

[2] Oddly, Defendants fail to address Linkewitz's joint-enterprise theory at all in their motion, despite the fact that Linkewitz's amended complaint clearly attempts to operate under the theory (*see* Doc. 13 at 5). Defendants instead assert categorically that New Mexico law never allows courts to impute a driver's actions to a passenger (*see* Doc. 27 at 4-5), a position that is not accurate, *see Silva*, 82 P.2d at 286. However, because the parties briefed the matter in Linkewitz's response (*see* Doc. 30 at 4-5) and Defendants' reply (*see* Doc. 33 at 1-2), I will proceed to consider whether the amended complaint states a claim against Ronald Hites under the joint-enterprise approach.

>applies if they use an automobile as a conveyance for their joint purpose. . . . A mere guest riding in an automobile at the invitation of the owner, without any authority or control over the driver, and no voice in directing the operation of the car, cannot be said to be engaged in a joint enterprise with the driver, so that the negligence of the driver will be imputed to the guest.

*Id.* at 286.

Linkewitz's amended complaint states that "[a] joint enterprise existed between the Defendants[,] as a common purpose existed in the use of the vehicle and the Defendants each had control of the vehicle" (Doc. 13 at 5). However, this passage not only strongly resembles the passage from *Silva* cited above, it also simply mirrors the elements stated in the uniform jury instruction that relies on *Silva*. *See* UJI 13-1208 NMRA (defining a joint enterprise between passenger and driver as requiring "(1) a common purpose in the use of a vehicle; and (2) the right in each to share in the control of the vehicle").

Similarly, Linkewitz's allegation that Defendants "operated as a joint venture and entered into an agreement to combine their money, property, or time[,] and agreed to share in the profits and losses of the venture with the right of mutual control over the provision of trucking and shipping" (Doc. 13 at 5), is merely boilerplate language that does nothing more than recite the elements of a joint venture. *See, e.g.*, *Wilger Enters., Inc., v. Broadway Vista Partners*, 115 P.3d 822, 824-25 (N.M. Ct. App. 2005) ("A joint venture exists when two or more parties (1) enter into an agreement, (2) to combine their money, property or time in the conduct of some particular business deal, (3) agree to share in the profits and losses of the venture jointly, and (4) have the right of mutual control over the subject matter of the enterprise or over the property."); *see also, e.g.*, 16 N.Y. Jur. 2d Business Relationships § 2116 (2013) ("[A] joint venture relationship is created where two or more persons combine their money, property, or time . . . agreeing to share jointly . . . in the profits and losses.").

Of course, "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Without more, these statements alone cannot stand as the factual basis for imputing Delores Hites's purported negligence to Ronald Hites. As such, I must look to the actual facts alleged in the amended complaint to determine if Linkewitz has pleaded facts imputing Delores Hites's alleged negligence to Ronald Hites.

Linkewitz alleges that both Hites Defendants were employees of RHT and that both were acting in the scope of their employment at the time of the collision in question. (Doc. 13 at 2.) "There is little discussion in New Mexico cases regarding joint-enterprise liability," *Pedroza v. Lomas Auto Mall, Inc.*, 600 F. Supp. 2d 1162, 1172 (D.N.M. 2009), and the most recent published case citing to *Silva*'s joint-enterprise approach to passenger liability was decided almost forty years ago, *see Torres v. Sierra*, 553 P.2d 721, 723 (N.M. Ct. App. 1976). However, I see no basis in the caselaw on this theory for inferring the existence of a joint enterprise based solely on a co-employee relationship, and the parties have brought no such authorities to my attention. As another jurisdiction observed, "co-employees possess no inherent right to direct the conduct of each other." *Baker v. Walker*, 173 Ill. App. 3d 836, 839 (Ill. App. Ct. 1988); *see also id.* at 839-40 ("[A]ny characteristics of a joint venture in the co-employees' relationship exist solely as a result of their employment and not as a consequence of any discrete engagement or understanding between them." (citing cases from Louisiana, New Hampshire, Ohio, and the Eleventh Circuit)). The Hites' employment relationships with RHT cannot, by themselves, support the existence of a joint venture between the two individuals.

The only other relevant allegation that Linkewitz can point to is his statement that "Defendants[] Hites owed Plaintiff duties of care which he [sic] breached by among other things . . . [f]ailing to keep a proper lookout" and "[o]therwise acting without the reasonable care

required under the circumstances." (Doc. 13 at 4.) Citing once again to New Mexico's uniform jury instructions, Linkewitz maintains that Ronald Hites acted negligently because "[a] passenger has a duty to use ordinary care for his own safety" and "[a] passenger may not sit idly by and permit himself to be driven carelessly." (Doc. 30 at 5 (quoting UJI 13-1207 NMRA).) As such, Linkewitz argues, his negligence claim against Ronald Hites should stand.

Three points fatally undermine Linkewitz's position. First, uniform jury instructions are designed as statements of the law for a jury's reference; they are not binding authority. *See State v. Campos*, 921 P.2d 1266, 1283 (N.M. 1996). Second, the case underlying this jury instruction specifically observes that New Mexico does not "plac[e] upon the passenger the duty to protect upon every instance of a driver's inattentiveness." *Trujillo v. Chavez*, 417 P.2d 893, 896 (N.M. 1966) (citation omitted). Instead, "[u]nless the passenger sees an obvious danger which the driver might not see, there would be no duty on the passenger to warn the driver." *Id.* at 896-97 (citation omitted). Linkewitz has not alleged that Ronald Hites observed any obvious danger before the collision at issue. Finally, in quoting this particular jury instruction, Linkewitz omits a key phrase that makes it clear that the instruction is only relevant to contributory negligence claims by passengers *against* drivers; it has no applicability to the circumstances here. *See* UJI 13-1207 ("A passenger may not sit idly by and permit [himself] [herself] to be driven carelessly, *to [his] [her] injury* . . . ." (emphasis added)). Linkewitz has relied upon non-binding authority that is inapplicable to either the law or the facts at issue here. His argument must fail.

Linkewitz has not alleged any facts showing that the Hites Defendants had a common purpose in the use of the vehicle or that each had control of the vehicle; nor has he alleged any facts regarding the existence of any agreement between the Hites Defendants regarding the sharing of profits and loses or the right of mutual control. In other words, Linkewitz has not

stated sufficient facts to impute Delores Hites's alleged negligence to Ronald Hites, and as such there is no basis for a negligence claim against the latter. Accordingly, judgment on the pleadings in Ronald Hites's favor is appropriate.

The question remains whether I should dismiss the claim against Ronald Hites with or without prejudice. In light of the fact that Linkewitz has already had one opportunity to amend his complaint, that Defendants' motion to dismiss (Docs. 10, 11) and the instant motion put Linkewitz on effective notice of the deficiencies in his claim, and that Linkewitz has not attempted to further amend his complaint following the filing of the instant motion, I find that dismissal with prejudice is warranted. *See Sanchez v. City of Albuquerque*, 65 F. App'x 241, 243 (10th Cir. 2003) (unpublished).

## II.   Claims against RHT

Defendants seek judgment on the pleadings with respect to Linkewitz's claims of negligent hiring, training, and supervision against RHT. (Doc. 27 at 5.) Because the elements of negligent hiring and retention claims differ slightly from those associated with negligent training and supervision, I consider these claims separately.

### A. Negligent Hiring and Retention

"Generally, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 168 P.3d 155, 165 (N.M. Ct. App. 2007) (quoting *Herrera v. Quality Pontiac*, 73 P.3d 181, 185-86 (N.M. 2003)). The existence of a duty is a question of law, whereas issues of breach and causation are questions of fact. *Id.* In particular, for a claim of negligent hiring or retention to stand, "there must be evidence that the employee

was unfit, considering the nature of the employment and the risk he posed to those with whom he would foreseeably associate, and that the employer knew or should have known that the employee was unfit." *Id.* (quoting *Valdez v. Warner*, 742 P.2d 517, 519 (N.M. Ct. App. 1987)). "Whether the hiring or retention of an employee constitutes negligence depends upon the facts and circumstances of each case." *F & T Co. v. Woods*, 594 P.2d 745, 749 (N.M. 1979).

Linkewitz alleges that Delores Hites had motor vehicle violations on record prior to the collision and that these violations "should have alerted [RHT] that the Hites Defendants were unsafe drivers." (Doc. 13 at 12.) Granting reasonable inferences to Linkewitz, *Park Univ. Enters.*, 442 F.3d at 1244, I will interpret this statement to allege that the motor vehicle violations in question were within the limited set of violations that serve to disqualify drivers from employment. *See* 49 C.F.R. § 391.15(c). Further, given the regulations requiring the investigation of potential hires, *see id.* § 391.23, it is plausible under the facts alleged that RHT should have known of the violations that allegedly rendered Delores Hites unfit to drive for the company. Although Defendants argue that Linkewitz has not sufficiently alleged violations of the relevant hiring rules and regulations (*see* Doc. 27 at 6), it is not necessary for me to determine if this is the case; whether or not RHT actually abided by the regulations, a claim for negligent hiring and retention can stand if Linkewitz has alleged that the company hired an unfit driver when the regulations required it to know better. *See Lessard*, 168 P.3d at 165. He has done so, and as such judgment on the pleadings on these claims is inappropriate.

B.  Negligent Training and Supervision

Linkewitz also claims that RHT was negligent in its training and supervision of Delores Hites. "A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in

10

. . . training . . . supervising, or otherwise controlling the agent." *Lessard*, 168 P.3d at 165 (quoting Restatement (Third) of Agency § 7.05(1) (2006)). Analogizing to a claim of negligent hiring and retention, then, Linkewitz must allege facts showing that RHT knew or should have known that Delores Hites was unfit as a driver and that RHT nonetheless failed to exercise reasonable care in training or supervising her, thereby causing injury to Linkewitz. *Cf. id.* (citations omitted). Because I indicate above that Linkewitz has sufficiently pleaded that RHT should have known that Delores Hites was not fit as an employee, the remaining question is whether he has pleaded facts showing a failure on RHT's part to reasonably train or supervise her.

Linkewitz's negligent training and supervision claims rely most directly on allegations that RHT "fail[ed] to properly train . . . monitor . . . [and] supervise defendant Hites" (Doc. 13 at 6), that RHT "breached its duty to use ordinary care in . . . training . . . and supervising its drivers," (*id.* at 12), and that this breach served as a direct and proximate cause of his injuries (*id.*). The amended complaint does not allege what these purported deficiencies in training and supervision actually were – there is nothing, for example, saying that RHT improperly supervised Delores Hites by failing to monitor her driving logs or that RHT improperly trained Delores Hites on proper semi-tractor safety. These conclusory statements cannot suffice on their own to state a claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Less directly, Linkewitz alleges that RHT had sixteen reported crashes over one twenty-four-month period (Doc. 13 at 12), arguing that RHT's accident history "is indicative of [RHT]'s lack of adequate policies, procedures, and training for its drivers" (Doc. 30 at 9-10). Defendants contend that this allegation is not relevant to a claim RHT did not appropriately train Delores Hites. I agree; any purported connection between a history of accidents not involving Delores

Hites and the accident in question is, without more, too attenuated for purposes of stating a claim of negligent training.

More attenuated still is Linkewitz's argument that because Delores Hites allegedly acted in a negligent manner (Doc. 13 at 4), RHT must have been negligent in supervising or training her (*see* Doc. 30 at 7-8). Linkewitz asks me to believe, for example, that his allegation that Delores Hites failed to yield the right of way before the accident "suggests that [RHT] was negligent in training Defendant[] Hites to observe traffic laws." While it is possible that Delores Hites's alleged negligence, taken as true, can be attributed to a failure to properly train her, that mere possibility is not enough; *Twombly* demands that factual allegations "be enough to raise a right to relief above the speculative level." 550 U.S. at 555. Linkewitz has not met this standard.

Looking within the four corners of the complaint, the facts actually alleged by Linkewitz make it no more than possible, rather than plausible, that Delores Hites's negligence can be attributed to improper training or supervision. *See Robbins*, 519 F.3d at 1247. Judgment on the pleadings in Defendants' favor on the claims of negligent training and supervision is warranted. For the reasons cited previously, the dismissal of these claims with prejudice is proper. *See Sanchez*, 65 F. App'x at 243.

## CONCLUSION

Linkewitz has failed to state claims of negligent training and supervision against RHT, and he has failed to state any claim against Ronald Hites. Accordingly, Defendants' motion for judgment on the pleadings with respect to these claims is granted, these claims are dismissed

with prejudice, and Ronald Hites is dismissed from this action with prejudice.[3] Defendants' motion is denied in all other respects.

 IT IS SO ORDERED.

               _____
               William P. Lynch
               United States Magistrate Judge

---

[3] As such, I need not reach Defendants' argument that such dismissal is warranted as a sanction under Rule 11. (*See* Doc. 27 at 8.)

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.